UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACOB GERRISH,

    Plaintiff,

v.                                                    Case No: 8:21-cv-365-JSS

COAST PUMP & SUPPLY CO., INC.,

    Defendant.
_____/

## ORDER SETTING EVIDENTIARY HEARING

THIS MATTER is before the Court on Defendant's Motion to Stay Plaintiff's Lawsuit and to Compel Arbitration ("Motion") (Dkt. 7), Notice of Supplemental Authority (Dkt. 10), Plaintiff's Response in Opposition (Dkt. 11), and Defendant's Reply (Dkt. 18).[1]

## BACKGROUND

Plaintiff Jacob Gerrish brought this action against his former employer, Defendant Coast Pump & Supply Co., Inc. (Dkt. 1.) He alleges that Defendant failed to pay him proper overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (*Id.* ¶¶32–39.) In response, Defendant filed its Motion to

---

[1] On October 13, 2021, the Court conducted a hearing on the Motion. (Dkt. 21.) During the hearing, the parties were informed that they were entitled to an evidentiary hearing on the issue of whether Plaintiff signed the arbitration agreements. Both parties, however, informed the Court that they had agreed that an evidentiary hearing would not be necessary, and further, that the submissions of the parties were sufficient for the Court to resolve the Motion. Notwithstanding the parties' positions, the Court finds that genuine issues of material fact remain which center upon the credibility of key witnesses. An evidentiary hearing is therefore required.

Stay Plaintiff's Lawsuit and to Compel Arbitration ("Motion") (Dkt. 7). Defendant claims that Plaintiff signed two agreements requiring the parties to resolve all disputes between them through arbitration and attaches copies of these agreements purportedly signed by Plaintiff. (*Id.* at 1–2; Dkt. 7-1; Dkt. 7-2.) Defendant also provides several documents purportedly signed by Plaintiff during the course of his employment to demonstrate Plaintiff's handwriting style. (Dkt. 7-3 at 1–4.) Plaintiff opposes the Motion, contending that he did not agree to arbitration or sign the arbitration agreements and had never seen the agreements prior to the lawsuit. (Dkt. 11 at 1–2.) Plaintiff submits his own sworn declaration to support his contentions, as well as several documents "to show that his true signature differs from those on the two acknowledgment forms." (*Id.* at 5–6; Dkt. 11-1.) Defendant then filed its Reply, which includes the sworn declaration of Plaintiff's former supervisor and Plaintiff's Form-W4 (2008) to rebut Plaintiff's sworn declaration. (Dkt. 18 at 1–3; Dkt. 18-1; Dkt. 18-2.)

## ANALYSIS

In determining whether parties agreed to arbitrate a dispute, the Court must examine the arbitration agreement and other underlying relevant facts. *See Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817 (11th Cir. 1993). The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, generally governs the validity and enforcement of arbitration agreements. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). Section 4 of the FAA grants district courts the authority to compel

arbitration "upon being satisfied that the making of the agreement or the failure to comply therewith is not an issue." 9 U.S.C. § 4.

In ruling on a motion to compel arbitration, the Court must consider three factors: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." *Florida Farm Bureau Ins. Companies v. Pulte Home Corp.*, No. 8:04-cv-2357, 2005 WL 1345779, at *3 (M.D. Fla. June 6, 2005). Here, the parties dispute the first requirement—whether a valid agreement to arbitrate exists. (Dkts. 7, 11).

"Whether an arbitration agreement exists at all is 'simply a matter of contract.'" *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1346 (11th Cir. 2017) (quoting *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016)). And because arbitration "is a matter of contract," "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)). Therefore, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

While the FAA governs the enforcement of arbitration agreements, state law generally governs whether an enforceable contract or agreement to arbitrate exists. *Caley*, 428 F.3d at 1368. To prove the existence of an enforceable contract under Florida law, the party seeking to enforce the contract must prove by a preponderance

of the evidence the following elements: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Robson v. D.R. Horton, Inc.*, No. 6:21-cv-719-GAP-LRH, 2021 WL 3914474, at *3 (M.D. Fla. Aug. 12, 2021); *Schoendorf v. Toyota of Orlando*, 6:08-cv-767-Orl-19DAB, 2009 WL 1075991, at *6 (M.D. Fla. Apr. 21, 2009) (citing *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)).  If the moving party shows the existence of a valid agreement to arbitrate, the burden shifts to the party opposing arbitration to "show that no valid contract existed." *Herrera Cedeno v. Morgan Stanley Smith Barney, LLC*, 154 F. Supp. 3d 1318, 1325 (S.D. Fla. 2016). However, "only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 784–85 (11th Cir. 2008) (citation omitted).

Here, given the potentially dispositive nature of the Motion, coupled with Plaintiff's assertion that he never entered the arbitration agreements or signed the documents provided by Defendant, the Court finds that an evidentiary hearing is required.

Accordingly, it is **ORDERED:**

1. The Court will hold an evidentiary hearing on Defendant's Motion to Stay Plaintiff's Lawsuit and to Compel Arbitration (Dkt. 7).

2. The evidentiary hearing will be scheduled by separate notice and conducted via Zoom videoconferencing, unless otherwise requested by the parties.

3. The parties should be prepared to present evidence of any matters material to the Motion that are genuinely in dispute.

**DONE** and **ORDERED** in Tampa, Florida, on October 21, 2021.

                                        JULIE S. SNEED
                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record